As to the matter in law. Judgment of the pillory proper in enormous cases, even of riots. Wood’s Inst. 428. and such judgment is proper for misdemeanors, 652. 3 Inst. 219, 220. where there is a judgment at large of six days pillory for playing with false dice. Also for a libel against certain of the inhabitants of Chersie, the punishment was imprisonment, pillory, and security for good behaviour. See the case of The King v. Sir Charles Sidney, where the Court adjudged imprisonment and a heavy fine on the defendant for exhibiting his naked body in a balcony in Covent Garden, to the view of a great multitude of people. 1 Sid. 168. In the case of- Rex v. Johnson, the judgment was a fine, and that the defendant be struck off the attorney’s roll for agreeing with another person to give him a sum of money, if he would prove a certain deed to be a forgery. 2 Show. 1. In the case of Martyn v. Page, the judgment was to stand in the pillory, with a heavy fine, for an attempt to ravish. Cro. Car. 332.
Let this case be compared with the former decisions, and it will appear to be more enormous, as it is more injurious to rob a man of his inheritance, than to cheat him of *64 some money, or to do him some personal injury which he is immediately acquainted with, and may remedy. Corn-pare it with that of embezzling a record, which the Legisjature bought deserved death, as appears by 8 H. VI. cap. 12. l Haxvk. 112. And yet it is evident the mischief here to the party injured is greater than could happen by destroying the whole proceedings in a case, because the party grieved might sue again for his debt, having the evidence of it by him. But here the evidence of the estate is wholly destroyed, and the estate with it. And it appears, in 1 Haxvk. 113. s. S. that such an alteration as reversed the judgment is not only within the statute, but even such as renders it reversible by our law, ubi eadem ratio, ibi idem jus, and the argument here, of a civil case, ivouhl apply a fortiori; but in criminal, especially capital cases, our law is so merciful that it disallows of an equitable construction to the prejudice of the criminal, when it would be so penal upon him as to affect his life.
To this, objection may be made, that this statute relates to records only of judicial proceedings. Answer: The prosecution is not on the statute, nor is the statute used otherwise than to shew the Court the opinion of our legislators, in cases not so enormous in their own nature as this offence, which is endeavoured to be represented as barely criminal at all.
It is evident, by the preamble of our act of assembly about records, that this very case was within the intention of the law makers, though it is omitted in tire enacting part, and the makers of that law judging that the crime deserved a severer punishment than was here inflicted; this sure will clear the Judges from any imputation of severity in their judgment, which they have been, I may venture to say, unjustly aspersed with.
It cannot, with any colour of reason, be pretended, that this is not a common law offence, which in so extraordinary a manner deprives a man of his inheritance.
*65 In 1 Vent. 304. conspiring to charge a man with being the father of a child, and thereby to extort money from him, said to be a heinous crime, and the principal was fined SOl. Vide Tremairfs PI. Cor. Saxon’s Case, 161,162. Entry of Judgment, 227.
The writ of error is coram vobis residei, directed to “ Samuel Young, Esquire, Chief Justice of our Provinc‘ cial Court, and his associates which is entirely wrong^ and ought to be quashed, for the Judges acted as Judges of gaol delivery, and ought to be directed to them.
The writ of error itself is insensible, and ought to be quashed.
The statute 5 Geo. I. cap. 13. for amendment of writs of error, does not extend to án improper writ of error, but to a proper one that has some formal defect in it, and not at all to criminal cases.
See Lib. W. G. No. 2. fol. 463.
Note. It does not appear how this case terminated.